# IN THE COURT OF APPEALS OF IOWA

No. 22-1904
Filed July 26, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JAMES JOSEPH PETEFISH SR.,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Coleman McAllister (motion to withdraw plea) and David M. Porter (sentencing), Judges.

James Petefish Sr. appeals the district court's denial of his motion to withdraw his guilty pleas. **APPEAL DISMISSED.**

Katherine N. Flickinger of Hastings & Gartin Law Group, LLP, Ames, for appellant.

Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee.

Considered by Greer, P.J., Badding, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**SCOTT, Senior Judge.**

James Petefish Sr. appeals his guilty plea to four aggravated misdemeanors, contending they were not voluntarily and intelligently entered. We dismiss the appeal because Petefish has no right to directly appeal and has not established grounds for discretionary review.

On May 3, 2022, Petefish entered a written guilty plea to eluding, an aggravated misdemeanor, in violation of Iowa Code section 321.279(2)(a) (2022); driving while barred, an aggravated misdemeanor, in violation of section 321.561; possession of a controlled substance, second offense, an aggravated misdemeanor, in violation of section 124.401(5); and attempted burglary in the third degree, an aggravated misdemeanor, in violation of section 713.6B.

The district court accepted the plea on May 4 and scheduled sentencing for May 25.

On May 16, defense counsel filed both a motion to withdraw plea and a motion to withdraw as counsel, asserting Petefish "did not believe [the] plea he entered was being followed, due to the [presentence investigation (PSI)] being cancelled" and did not believe counsel was working on his behalf. The court postponed sentencing and appointed new counsel.

Petefish testified at a hearing on the motion to withdraw plea held on July 18. He stated he signed two guilty plea forms; one, which he thought his attorney could get the State to acquiesce to, and another that while accurately describing the pending State's offer (which allowed him to avoid felony convictions) he did not understand counsel would file. The court entered a written order on July 22 concluding, "Defendant has not met his burden of establishing the existence of any

factual or legal grounds to justify the court granting his motion to withdraw his guilty pleas." Sentencing was scheduled for September 20.

A PSI was conducted on July 28 with a report being filed on September 14.

A hearing on Petefish's subsequent pro se motion for substitute counsel was held on September 21.[1] Reluctantly, the court appointed substitute counsel and rescheduled sentencing until October 12. Sentencing was again continued until November 14.

At the sentencing hearing, the defense offered no corrections to the PSI report and agreed the court could use it for sentencing purposes. The defense recommended the court enter sentence per the plea agreement—"the four counts in th[is] new case . . . run consecutive to one another for a total period of incarceration not to exceed eight years and those eight years would be consecutive to the eleven years that result in the probation violation here— probation violation cases." The defense asked that the court suspend the sentence and place Petefish on probation.

The court noted, "Mr. Petefish, your criminal history, the recency of the criminal history, on top of the fact that you committed additional crimes while on two probations is simply too much to put you back on the street and put you back on probation." The court imposed prison terms, and Petefish now appeals.

Petefish contends on appeal the plea was not made knowingly, voluntarily, and intelligently. He maintains the "only method to challenge a guilty plea after it has entered is by filing a timely motion in arrest of judgment." *See* Iowa R. Cr.

---

[1] The court asked Petefish how many attorneys he had had in this case. Petefish responded, "I believe seven, six or seven."

P. 2.24(3)(a)(2) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). Petefish then asserts his motion to withdraw his guilty plea "was effectively a motion in arrest of judgment."

The two motions are *not* synonymous. *See State v. Trostel*, No. 161305, 2017 WL 2461599, at *3 (Iowa Ct. App. June 7, 2017) ("Importantly, Trostel does not challenge the adequacy of his guilty plea proceeding, as such a challenge would have required Trostel to have filed a motion in arrest of judgment to properly preserve error. . . . Rather, he claims he should have been allowed to withdraw his guilty plea and substitute a not-guilty plea in accordance with rule [2.8(5)[2]]."); *State v. Jentz*, No. 12-2113, 2013 WL 6116865, at *1 (Iowa Ct. App. Nov. 20, 2013) ("We first note a motion to withdraw a guilty plea under Iowa Rule of Criminal Procedure 2.8[(5)], which is within the court's discretion to grant or deny, is not equivalent to a motion in arrest of judgment under rule 2.24(3)(a), which asserts a deficiency in the plea proceedings."); *State v. Zeal*, No. 14-0741, 2015 WL 3623795, at *5 (Iowa Ct. App. June 10, 2015) (Miller, S.J., concurring specially) (noting the "two motions are . . . very different motions").

Iowa Code section 814.6(1)(a)(3) limits the direct appeal of a guilty plea to a class "A" felony unless the defendant establishes "good cause." Our supreme court has interpreted "good cause" to mean the defendant must show a "legally sufficient reason." *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020). What constitutes a legally sufficient reason is context specific. *Id.* In *State v. Tucker*,

---

[2] Iowa Rule of Criminal Procedure 2.8(5) provides: "At any time before judgment and upon a showing of good cause and that it is in the interests of justice, the court may permit a guilty plea to be withdrawn and a not guilty plea substituted."

our supreme court rejected an argument that good cause to appeal as a matter of right exists where the defendant claims a plea was not intelligently or voluntarily entered; Tucker had been adequately advised of the necessity and failed to file a motion in arrest of judgment. 959 N.W.2d 140, 153 (Iowa 2021). Such is the case here.

Petefish alternatively asks that we grant discretionary review, asserting his plea was not knowingly and voluntarily entered because he expected his attorney to amend the plea agreement before filing it. Iowa Code section 814.6(2)(f) does allow discretionary review in limited circumstances, none of which are pertinent here.[3] For example, in *State v. Scott*, this court determined discretionary review under section 814.6(2)(f) is the proper vehicle for a defendant's appeal from the denial of a motion in arrest of judgment where he was contesting his competency to plead guilty. No. 20-1453, 2022 WL 610570, at *3 (Iowa Ct. App. Mar. 2, 2022). Petefish neither filed a motion in arrest of judgment nor challenges his competency to plead guilty.

At the hearing on the motion to withdraw his plea Petefish acknowledged he read and signed the written plea, which includes the following statements:

> I plead guilty. There have been no promises or threats to get me to plead guilty.

---

[3] Section 814.6(2) provides:
> Discretionary review may be available in the following cases:
> (a) An order suppressing or admitting evidence.
> (b) An order granting or denying a motion for a change of venue.
> (c) An order denying probation.
> (d) Simple misdemeanor and ordinance violation convictions.
> (e) An order raising a question of law important to the judiciary and the profession.
> (f) An order denying a motion in arrest of judgment on grounds other than an ineffective assistance of counsel claim.

I am, at this time, of sound mind. I am not under the influence of any drug, medication or alcohol that would hurt my ability to make decisions.

I understand the nature of the four (4) charges against me and that:

I am considered innocent until the State proves my guilt by evidence beyond a reasonable doubt;

I have a right to a speedy and public trial by jury and a right to be represented by an attorney at that trial; If I cannot afford an attorney to represent me, the Court will appoint one at the State's expense;

I have a right to hear the evidence against me from the witnesses and subject them to cross examination;

I have the right to testify in my defense, or refuse to testify, and my refusal would not reflect on my guilt or innocence; I have the right to produce witnesses, subpoena them to appear at trial, and have them testify on my behalf;

By pleading guilty I give up all of these rights; I know that the judge may sentence me up to the maximum provided by law.

. . . .

I am knowingly and intelligently pleading guilty to this charge because I am guilty. I ask the Court to accept my guilty plea.

I understand that I have the right of allocution, which means I have the right to speak to the Judge regarding punishment/sentencing, and I knowingly and intelligently waive (give up) that right.

I understand that to challenge this guilty plea based on alleged defects in the plea proceedings I must file a Motion in Arrest of Judgment not later than 45 days after my plea of guilty but no later than 5 days prior to sentencing. I further understand that failure to file the motion precludes my right to assert any challenge to the guilty plea on appeal.

But Petefish testified he was not aware that the form he signed would be filed without amendment by plea counsel. In essence, Petefish asserts a claim of ineffective assistance of counsel. The district court offered to continue the hearing to allow plea counsel to be called to testify; that offer was declined. We are without authority to consider ineffective-assistance-of-counsel claims on direct appeal. *See* Iowa Code § 814.7; *Tucker*, 982 N.W.2d at 653.

**APPEAL DISMISSED.**